UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID PAGE                                                                                   PLAINTIFF
ADC #143815

V.                          No. 5:19CV00098-DPM-JTR

DEANN JACKSON, Classification,
Maximum Security Unit, ADC, *et al.*                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States Chief District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff David Page ("Page") is a prisoner at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his

constitutional rights. *Docs. 2 & 5.*[1] Before Page may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Page alleges that, after serving a punitive isolation term for disciplinary violations, he was improperly "left in punitive" for sixty-five additional days, finally being released on January 9, 2019. He asserts that, while he was being wrongfully held in punitive isolation, he sent "numerous requests" about the matter to Defendant Classification Officer Deann Jackson ("Jackson"), but got no response. According to Page, he also personally spoke with Defendants Chief of Security K. Randle ("Randle"), Head Warden A. Calclasur ("Calclasur"), and Assistant Warden Ball ("Ball"), "every time they made rounds in punitive." Page alleges that keeping him in punitive isolation after completion of his disciplinary sentence violated ADC policy and his constitutional rights. He sues Defendants in their individual and

---

[1] The Court has read Page's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

official capacities, but seeks only monetary damages. *Doc. 2 at 2, 4-5; Doc. 5 at 4-5.*

### A. Official Capacity Claims

The doctrine of sovereign immunity precludes Page from obtaining monetary damages against Defendants in their official capacity. *See Reid v. Griffin,* 808 F.3d 1191, 1192 (8th Cir. 2015); *Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) (damages claims against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). Because monetary damages are the *only* form of relief sought by Page, his official capacity claim against Defendants should be dismissed, with prejudice.

### B. Violation of ADC Policy

A violation of prison policy alone does not give rise to § 1983 liability. *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). In addition, it is well settled that prisoners do not have a due process right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner,* 109 F.3d at 430. Thus, Page has not pled a viable constitutional claim in connection with Defendants' alleged failure to comply with ADC policy, and that claim should be dismissed, with prejudice.

### C. Individual Capacity Constitutional Claims

Page alleges that his sixty-five days in punitive isolation, without a disciplinary sentence, violated his "constitutional rights" because it was "excessive punishment." *Doc. 5 at 4; see Doc. 4 at 2* (directing Page to explain "why he believes his placement in punitive isolation violated his constitutional rights).

Nothing in Page's pleadings suggests that his allegedly "wrongful" incarceration in punitive isolation for sixty-five days constituted "cruel and unusual punishment" under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (explaining that, to state a plausible Eighth Amendment claim, a prisoner must have suffered "extreme deprivations" that denied "the minimal civilized measure of life's necessities"); *Phillips*, 320 F.3d at 848 (holding that thirty-seven days in punitive isolation, which included the suspension of contact visitation, exercise privileges, and religious services, was not an Eighth Amendment violation); *Brown v. Nix*, 33 F.3d 951, 952 (8th Cir. 1994) (finding no Eighth Amendment violation when a prisoner received "nine years of administrative segregation for disciplinary infractions"); *Jones v. Mabry*, 723 F.2d 590, 595 (8th Cir. 1983) (stating that there is no Eighth Amendment violation unless the conditions an inmate endures in segregation are "cruel and barbaric").

Finally, to state a Fourteenth Amendment due process claim based on deprivation of a liberty interest, a prisoner must identify "conditions that impose

4

'atypical or significant hardship … in relation to the ordinary incidents of prison life." *Ballinger v. Cedar County, Missouri,* 810 F.3d 557, 562 (8th Cir. 2016) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Prisoners do *not* have a liberty interest in avoiding temporary confinement in administrative or punitive segregation, and the suspension of privileges while so confined, because such confinement does *not* constitute the type of "atypical and significant hardship" that triggers the protection of the Due Process Clause. *Sandin*, 515 U.S. at 482-86 (no "liberty interest" implicated by thirty days in disciplinary segregation); *Ballinger,* 810 F.3d at 562-63 (no "liberty interest" implicated by one year in solitary confinement); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (no "liberty interest" implicated by nine months in administrative segregation); *Phillips,* 320 F.3d at 847 (no "liberty interest" implicated by thirty-seven days in isolation and loss of privileges of contact visitation, exercise, and chapel, even if demotion to segregation was without cause); *Rahman X v. Morgan,* 300 F.3d 970, 973-74 (8th Cir. 2002) (no "liberty interest" curtailed by twenty-six months in administrative segregation without a disciplinary charge or conviction); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (no "liberty interest" implicated by thirty days in punitive segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive segregation).

Page is challenging his temporary confinement in punitive segregation for sixty-five days. He describes no conditions that caused him to suffer an "atypical and significant hardship," as required under *Sandin*. Because the challenged period of segregation did not implicate a liberty interest, he has failed to state a viable due process claim.

Accordingly, the Court recommends that Page's constitutional claims against Defendants, in their individual capacity, be dismissed for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Page's claims against Defendants in their official capacity, and his claims that they violated ADC policy, be DISMISSED, WITH PREJUDICE.

2. Page's remaining claims be DISMISSED, WITHOUT PREJUDICE, thereby dismissing his Complaint and Amended Complaint (*Docs. 2 & 5*) in their entirety.

3. The dismissal of this case count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE